## HUFFMAN v. STORK.

1. An order confirming the clerk's taxation of costs is not the final judgment in the cause, in the sense that on an appeal therefrom the prior judgment dismissing the complaint, and other previous orders may be excepted to and reviewed.

2. Consent by defendants to an order of reference "to take the testimony and report the same to the court," was not an election as to the manner of trial or the waiver of any defects or irregularities; and defendants having obtained judgment, their attorneys were entitled to the costs of all references held under such order, notwithstanding they disregarded at the final hearing the testimony so taken.

3. The complaint having been dismissed with costs and no appeal taken, the plaintiffs were liable for all the costs of the references in the action,

even though the judge reached his conclusion without considering the testimony taken at such references.

4. Attorneys attending before the clerk at the taxation of costs are not entitled to the costs of a reference; nor is the clerk entitled to costs for making report of his taxation.

Before WITHERSPOON, J., Richland, April, 1885.

The opinion sufficiently states the case.

*Mr. R. A. Lynch,* for appellant.

*Messrs. W. H. Lyles* and *L. F. Youmans,* contra.

July 16, 1886.　The opinion of the court was delivered by

MR. JUSTICE McGOWAN.　Maurice Goldsmith and Peter Kind, composing the firm of "Goldsmith & Kind," conducting the Phoenix Iron Works, of Columbia, became embarrassed in their affairs and on March 1, 1878, made an assignment (with schedule of property attached) to A. Stork. in trust to sell the property and apply the proceeds to their debts.　Among the creditors of Goldsmith & Kind was one J. N. Huffman, who refused to accept under the assignment, and sued them to judgment, April 26, 1880.　Execution issued on the judgment was returned by the sheriff *"nulla bona."*　J. N. Huffman, the judgment creditor, died, and the plaintiffs, his administrators, instituted these proceedings, alleging that the assignment was fraudulent and void, and the assignee, Stork, was conspiring with G. Dierck and one Kleinbeck, another judgment creditor, to defraud the other creditors, and praying that the assignment should be set aside, for injunction, the appointment of a receiver, &c.　The debtors, Goldsmith & Kind, were not made parties by process.　Kleinbeck answered by his attorneys, Bachman & Youmans.　Dierck answered by his attorneys, Monteith & Ladson.　And Stork answered by his attorneys, John T. Sloan, jr., and Wm. H. Lyles.　The latter, after a general denial of most of the allegations in the complaint, pleaded that he had already instituted proceedings in the court, entitled Abram Stork, assignee, *v.* Jesse E. Dent, sheriff, *et al.,* in the nature of a creditor's bill, to settle

the assigned estate, which had all been turned over to be administered by the court, under a call for creditors to present and prove their demands.

On motion of Messrs. Lynch & Bauskett, counsel for the plaintiffs, it was "referred to J. T. Seibels, Esq., master for Richland County, to take the testimony offered by the various parties, and to report the same to this court." Accordingly the master held a reference to take testimony on January 8, 1884, and pursuant to adjournment another on January 11, and another on January 15, on January 28, and on February 6, 7, 11, 12, 14, 15, 20, 26, 27, and on March 4, 7, 14, 18, 25, and on April 8, on which day there was an adjournment to April 25; but before that day arrived, viz., on April 24, Judge Fraser ordered, "That unless Goldsmith and Kind were made parties by the 20th day of May next, either of the other defendants shall have the right to move to have the complaint dismissed. Proceedings under order of November 19 [to take testimony], above referred to, will be suspended until further order of the court. All questions as to costs are reserved for the further order of the court." Maurice Goldsmith and Peter Kind, who had previously required that they should be served with process, were formally made parties, and Goldsmith answered by his attorney, Newman K. Perry, and Kind answered by his attorneys, John T. Sloan, jr., and Lyles & Haynsworth.

At the November term of the court for Lexington, the plaintiffs made a motion before Judge Wallace that, as the order of Judge Fraser had been complied with as to making parties, the references might be continued, but this order was refused; and at the same term of the court for Richland County, December 2, 1884, Judge Wallace "dismissed the complaint with costs."

Soon after, the defendants made application to the clerk to tax the costs, which, after due notice, was done. (See the taxation fully stated in the "Brief.") The clerk reports with the taxation as follows: "No objection was made to the attorneys' costs. No objection was made to the clerk's costs. Mr. Lynch admits so much of the sheriff's costs as calls for the fees for the service of summons and complaint. As to the remainder, he claims that the defendants should pay, because the parties, having elected to try the cause before the mas-

ter, and they having withdrawn it from the master before the plaintiff had closed his testimony, and elected to try the cause before the court, they should pay all the costs which had accrued before the master. Unless otherwise directed by the court, the prevailing party is always entitled to have all the costs taxed in his favor. I therefore overrule these objections. Mr. Lynch objects to the master's costs, because only parts of several days were spent in the different references. Where the master spends any part of a day, however small, in the business of a reference, I hold that the master is entitled to his fees as for a whole day," &c. (Exception taken.)

From the taxation of the clerk the plaintiffs appealed to the Circuit Court; and after argument there, Judge Witherspoon refused to correct the taxation. The plaintiffs appealed from this order, and in doing so, embraced also appeals from the order of Judge Fraser, April 24, 1884, and that of Judge Wallace, December 2, 1884—claiming that the order of Judge Witherspoon, refusing to overrule the taxation of costs by the clerk, was the final decree in the case, and that the other former decrees referred to were intermediate only, and might be reviewed, in considering the appeal upon the subject of costs. This court did not take that view, and upon motion to dismiss the appeal did dismiss it as to the orders of Judge Fraser and of Judge Wallace, as not taken in time; leaving only for our consideration so much of the appeal as relates to the taxation of the costs. The exceptions upon that subject are as follows:

I. Because the defendants, Stork, Dierck, and Kleinbeck, by consenting in writing to the reference ordered November 19, 1883, determined the mode of trial in the cause; and having appeared and taken part in the trial, thereby waived any and all irregularities; and having chosen to determine the reference by the order of April 24, 1884, the plaintiffs cannot be taxed with the costs which had accrued up to that time.

II. Because Goldsmith & Kind, having entered a voluntary appearance by their attorney, and served their answer upon the plaintiffs, all the parties were properly before the court when the order of Judge Fraser was passed, and the plaintiffs cannot be called upon to pay costs of references which were disregarded by

the defendants, and were not used in determining the issues between the parties, as the trial was *de novo* before his honor, Judge Wallace, at the November term of the court on other evidence.

III. Because the said taxation is inequitable and works a hardship on the plaintiffs.

It seems to us that the first exception is founded upon a misapprehension as to a matter of fact. The consent of the defendants to the order of reference made by Judge Aldrich, November 19, 1883, did not in any way make an election or "determine the mode of trial." The order was made on the motion of plaintiffs' counsel, and the defendants simply consented to it. Besides "the trial of the case" was not thereby referred to the master as referee. The order did not even authorize him "to decide the issues of law and of fact," but merely to take "the testimony and report the same to the court," which, of course, was still to try the case. That in no way changed the rule, that the successful party has the right to tax his costs against the unsuccessful party. Consent as to the manner of taking the testimony was no admission as to the right of the plaintiffs to recover, or an election as to the manner of trial, or a waiver of any defects or irregularities.

As to the second exception. We cannot understand the view, that the plaintiffs had the right to escape the ordinary consequences of failing in their action, merely for the reason that the judge did not think it necessary to have before him all the mass of testimony taken on nineteen separate days, under the order directing the master to take the testimony. Upon the testimony before the judge, he dismissed the complaint "with costs": and if that was error—if he rendered his decree upon insufficient testimony or a mistaken view of what was necessary to sustain the action—we know of no way in which that error could be corrected, except upon appeal from that judgment. The loss of the case, no matter upon what ground or upon what evidence, entailed upon the plaintiffs the penalty of having all the proper and legitimate costs of the defendants taxed against them, unless otherwise ordered by the court; and the only order made upon the subject was that of Judge Wallace, dismissing the complaint "with costs."

The third exception is very vague and general, that "the said taxation is inequitable and works a hardship on the plaintiffs." But, inasmuch as no compensation is allowed for services in conducting or defending a suit in court, independently of that which is provided by statute, and the party laying claim to costs must lay his finger on some statutory provision expressly, or by necessary implication, allowing them, we have looked carefully through this bill of costs. We confess, we do not see clear warrant of law for the three last supplementary items in the taxation, amounting to the small sum of $13. Ten dollars of it were taxed for solicitors attending "reference before the clerk," as we suppose, on the "taxation of the costs." The law giving a defendant's solicitor compensation for attending a reference is in these words : "Each day's attendance on reference before clerk, master, or referee, five dollars."

Was the taxation of costs by the clerk a "reference" in the sense of the act? We hardly think so. The taxation in this case was not expressly referred to the clerk by the court, but was simply one of the duties incident to the office of clerk. See *Guignard* v. *Harley*, 11 *Rich. Eq.*, 1, in which the court say : "There may be, and is, much difficulty in defining the meaning of this term (reference). But in theory of law, it always implies that the matter referred has been before the court, and comes from the court to its commissioner ; and this is the true idea, even in cases where the legislature has authorized the commissioner to grant orders of reference. He grants them in place of the court. * * * Another charge of solicitors objected to, is attendance upon 'a reference to tax costs.' This relates to the taxation of costs by the commissioner of Barnwell. The parties by solicitor laid before him their bill of costs, and supported them against objection. But this was no reference, and the solicitors are not entitled to the charge," &c.

The same view applies to the three dollars allowed the clerk for "report on costs." We do not understand that such report was necessary, or can be properly said to be "making up and returning report on reference, three dollars," as stated in the fee bill. See sections 2428 and 2431, of General Statutes, and section 326 of the Code.

The judgment of this court is, that the judgment of the Circuit Court, with the modification herein indicated, be affirmed.